

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
U.S. District Court – Central District of California
Ronald Reagan Federal Building and U.S. Courthouse
411 West Fourth Street
Santa Ana, CA 92701-4516
Phone: (714) 338-5300

DON MACALLISTER,
Pro Se Plaintiff
21163 Newport Coast Drive #1010
Newport Coast, CA 92657
(310) 924-1303
donmacallister8@gmail.com

V.

PRUDENTIAL GLOBAL INVESTMENT MANAGEMENT (PGIM);

GOLDENTREE ASSET MANAGEMENT;

CONTRARIAN CAPITAL MANAGEMENT;

CITIGROUP INC.;

JPMORGAN CHASE & CO.;

GOLDMAN SACHS GROUP INC.;

MORGAN STANLEY;

BANK OF AMERICA MERRILL LYNCH;

DEUTSCHE BANK;

CREDIT SUISSE,

Defendants.

Case No.: 8:25-cv-01026-SRM-(DFMx)

COMPLAINT FOR DAMAGES, FRAUDULENT ENRICHMENT, WHISTLEBLOWER RETALIATION, AIDING AND ABETTING FRAUD, CIVIL CONSPIRACY, AND UNJUST ENRICHMENT

## I. INTRODUCTION

Plaintiff Don Macallister brings this action against the following U.S. financial institutions and asset managers (collectively "Defendants"): Prudential Global Investment Management (PGIM); GoldenTree Asset Management; Contrarian Capital Management; Citigroup Inc.; JPMorgan Chase & Co.; Goldman Sachs Group Inc.; Morgan Stanley; Bank of America Merrill Lynch; Deutsche Bank; and Credit Suisse. These Defendants knowingly underwrote, facilitated, and profited from over $7 billion in bond issuances and loans by Digicel Group and its affiliates between 2012 and 2025, despite Plaintiff's repeated and documented whistleblower warnings alleging that Digicel's telecom empire was built upon felony criminal bribery schemes and false declarations.

Plaintiff, a verified early-stage investor in Digicel Group, provided a distinct €100,000 investment on June 25, 2003, which was demonstrably received by Digicel but has been wrongfully withheld for 21 years, 10 months, and 18 days, now valued at an estimated $25 million USD with compounded returns. Simultaneously, Defendants generated hundreds of millions of dollars in fees, commissions, and spreads from Digicel's debt offerings, directly benefiting from the very fraudulent enterprise Plaintiff sought to expose.

In 2025, Digicel Group voluntarily disclosed to the U.S. Department of Justice (DOJ) that it had, in fact, obtained telecom licenses across up to 40 jurisdictions through felony criminal bribery schemes—irrefutably validating the Plaintiff's long-suppressed allegations and negating the premise of a prior defamation lawsuit filed against him by Digicel principals.

This lawsuit seeks substantial compensatory and punitive damages, along with full disgorgement of ill-gotten profits, from the Defendants who chose to prioritize financial gain over accountability, knowingly disregarded clear red flags and Plaintiff's direct warnings, and actively aided the expansion of Digicel's fraud-based telecom empire at the direct expense of the Plaintiff.

## II. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship) and supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367. Venue is proper in the Central

District of California under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District,[1] and Plaintiff resides in this District.

## III. PARTIES

Plaintiff: Don Macallister, a U.S. citizen residing in Newport Coast, California. Plaintiff is a pro se litigant, a foster care survivor, a U.S. Congressional Tribute Honoree, and an original investor in Digicel Group.

Defendants: The following U.S. financial institutions and asset managers, each of whom directly underwrote, marketed, and/or profited from the bond and loan issuances by Digicel Group and its affiliates between 2012 and 2025:

- Prudential Global Investment Management (PGIM)
- GoldenTree Asset Management
- Contrarian Capital Management
- Citigroup Inc.
- JPMorgan Chase & Co.
- Goldman Sachs Group Inc.
- Morgan Stanley
- Bank of America Merrill Lynch (BofA Merrill Lynch)
- Deutsche Bank
- Credit Suisse

## IV. FACTUAL BACKGROUND

1. In 2002, Plaintiff made an initial investment of $100,000 USD in Digicel, which was subsequently exercised in 2007.
2. On June 25, 2003, Plaintiff personally delivered a separate investment in the form of Bank of Ireland draft no. 441834, amounting to €100,000 EUR, to Denis O'Brien Jr. at Digicel's Dublin office. This distinct investment was deposited by O'Brien into a Bank of Ireland account on July 3, 2003, and its receipt is independently verifiable through banking records and admissions by Denis O'Brien in prior legal pleadings. Plaintiff and his wife were direct witnesses to this transaction.
3. Despite irrefutable documentation of receipt, Denis O'Brien Jr. and Digicel have consistently denied Plaintiff's rightful equity interest, falsely claiming the 2003 investment was a "duplicate" of the 2002 stake—a baseless assertion contradicted by the separate nature and timing of the transactions.

4. Plaintiff filed a detailed complaint with Irish authorities (Garda Bureau of Fraud Investigation, Ref: FB11.27/13 53x13), providing substantial evidence including the canceled bank draft, banking confirmations, witness testimony, and email correspondence.
5. Between 2010 and 2025, Plaintiff undertook extensive efforts to warn U.S. regulators, the United Nations, and the Defendant financial institutions about the criminal bribery schemes perpetrated by Denis O'Brien Jr. and Digicel to secure telecom licenses. These warnings included:
    - Public whistleblower emails dated December 23, 2019, explicitly identifying Digicel bonds by their CUSIP and ISIN numbers.
    - A letter dated February 15, 2020, addressed to the White House Chief of Staff, urging the U.S. Department of Justice to investigate Digicel's corrupt practices.
    - Direct communications with Telstra and the acquiring entities of Digicel Pacific, as well as the UN Broadband Commission, detailing the bribery and false declaration schemes.
6. Despite these explicit and timely warnings, the Defendant financial institutions proceeded to underwrite and profit from the following Digicel debt instruments, which were directly predicated on the fraudulently obtained telecom licenses:
    - Digicel International Finance Ltd bonds issued in 2019 (CUSIPs: 25381VAA5, AX5410664).
    - Digicel Group One Ltd and Group Two Ltd bonds (CUSIPs: 25382DAA4, 25382FAA9, 25382FAB7, and others).
    - Over $1.3 billion in loans and in excess of $7 billion in total bond issuances, the valuations of which were directly inflated by the illegally secured telecom licenses.
7. In 2025, Digicel Group made a voluntary disclosure to the U.S. Department of Justice, admitting that its telecom licenses were indeed obtained through bribery—unequivocally validating the accuracy of Plaintiff's whistleblower reports, which Defendants deliberately ignored.
8. As a direct consequence of the Defendants' actions and inactions, Plaintiff has been unjustly denied the now-estimated $25 million USD value of his rightful 2003 investment, including compounded returns over the past 21 years, 10 months, and 18 days. This suppression of Plaintiff's equity interest served to silence a key witness to Digicel's fraudulent activities, directly benefiting the Defendants who continued to profit from Digicel's illicitly obtained assets.
9. Related Case: *Don Macallister v. Denis O'Brien Jr. et al.*, Case No. 8:25-cv-00782 (C.D. Cal. 2025).

## V. CAUSES OF ACTION

### COUNT I – FRAUDULENT ENRICHMENT

Defendants knowingly enriched themselves by underwriting and trading securities whose value was directly derived from fraudulently obtained assets, while simultaneously suppressing Plaintiff's rightful investment and his efforts to expose the underlying fraud.

### COUNT II – WHISTLEBLOWER RETALIATION

Plaintiff suffered significant financial harm through the denial of his equity stake as a direct result of his attempts to expose the fraudulent activities that underpinned Digicel's operations—the very activities from which Defendants profited despite receiving Plaintiff's credible whistleblower reports.

### COUNT III – AIDING AND ABETTING FRAUD

Defendants had actual knowledge of Digicel's fraudulent activities, or acted with reckless disregard thereof, due to Plaintiff's direct warnings and the clear red flags surrounding Digicel's rapid expansion. Despite this knowledge, Defendants provided substantial assistance to Digicel's fraudulent scheme by underwriting and trading billions in debt, directly enabling the continuation and expansion of the fraud.

### COUNT IV – CIVIL CONSPIRACY

Defendants engaged in a tacit or explicit agreement to facilitate and conceal the fraudulent basis of Digicel's financial instruments. Through their collective underwriting and silent complicity in the face of Plaintiff's warnings, Defendants acted in concert to maintain a market for securities built upon bribery and false declarations, directly harming Plaintiff.

### COUNT V – UNJUST ENRICHMENT

Defendants received and retained substantial profits in the form of fees, commissions, and trading gains from Digicel's bond and loan issuances. These profits were directly linked to assets obtained through fraud, and it would be inequitable for Defendants to retain these ill-gotten gains at the direct expense of Plaintiff's suppressed investment and his efforts to expose the underlying criminal conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Don Macallister respectfully requests that this Court enter judgment against the Defendants, jointly and severally, as follows:

a) Awarding Plaintiff compensatory damages in the amount of $25 million USD, representing the present value of his suppressed 2003 investment, including compounded returns.

b) Awarding Plaintiff punitive damages in an amount sufficient to deter similar willful misconduct and retaliation against whistleblowers.

c) Ordering the Defendants to disgorge all profits, including fees, commissions, and trading gains, derived from the underwriting and trading of Digicel bonds and loans issued between 2012 and 2025.

d) Entering a declaratory judgment affirming the truth and validity of Plaintiff's whistleblower reports regarding Digicel's criminal bribery activities.

e) Granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Don Macallister

Don Macallister
Pro Se Plaintiff
21163 Newport Coast Drive #1010
Newport Coast, CA 92657
(310) 924-1303
donmacallister8@gmail.com

Date: [To be inserted]



D. MacAlister
53 Greenhouse
Irvine Ca 92603

Civil Intake Clerk
Central District of California
U.S District Court
Donald Reagan Building
411 West 4TH Street
Santa Ana Ca 92701-4516.

RECEIVED
CLERK, U.S. DISTRICT COURT
MAY 13 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION   BY  DEPUTY