JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Don Macallister, <br><br> PLAINTIFF(S) <br><br> v. <br><br> Prudential Global Investment Management PGIM, et al., <br><br> DEFENDANT(S) | CASE NUMBER <br><br> 8:25-cv-01026-SRM-DFM <br><br> ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☒ The action is duplicative of another action.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| June 24, 2025 | *[signature]* |
| Date | United States District Judge |

CV-73 (07/22)   ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

The Court takes notice of its own files and observes that Plaintiff has filed numerous lawsuits that have resulted in early dismissal as frivolous or malicious, for lack of subject matter jurisdiction, or for failing to state a claim. *See Macallister v. Davis Polk and Warden LLP, et al.*, No. SACV 25-0978 (SRM) ADS (C.D. Cal. June 11, 2025); *Macallister v. Denis O'Brien, Jr., et al.*, No. SACV 25-0965 JVS (KES) (C.D. Cal. May 28, 2025); *Macallister v. Climate United Fund, et al.*, No. SACV 25-0658 JVS (KES) (C.D. Cal. Apr. 8, 2025); *Macallister v. United States Government, et al.*, No. SACV 25-0507 FWS (DFM) (C.D. Cal. Mar. 21, 2025); *Macallister v. David O. Carter, et al.*, No. CV 25-1347 PA (C.D. Cal. Feb. 19, 2025). Plaintiff has also sought relief from other Courts across the nation that have been dismissed for similar reasons. *See, e.g., Macallister v. California Pub. Employees' Ret. Sys.*, No. 2:24-CV-2804-DAD-CKD (PS), 2025 WL 915522 (E.D. Cal. Mar. 26, 2025); *MacAllister v. United States*, No. 25-351C, 2025 WL 658355, at *3 (Fed. Cl. Feb. 28, 2025); *MacAllister v. United States Gov't*, No. CV 24-2899 (UNA), 2025 WL 435917, at *2 (D.D.C. Feb. 4, 2025); *MacAllister v. United States Gov't*, No. CV 24-2936 (UNA), 2025 WL 315120 (D.D.C. Jan. 28, 2025); *MacAllister v. United States Fed. Gov't*, No. 1:24-CV-02933 (UNA), 2024 WL 5008747, at *2 (D.D.C. Nov. 27, 2024).

Plaintiff's action here fares no better. As best as can be understood from the complaint and unsolicited first-amended complaint, Plaintiff seeks over $25,000,000 related to his investment in Denis O'Brien's Digicel company that was the subject of a prior settlement. Dkts. 1, 12. Notably, Plaintiff admits that this case is related to his other 2025 case against O'Brien. Dkt. 1 at 4; Dkt. 12 at 6, 8-9. Although he provides an incorrect case number at times (*id.*), it appears he is referring to *Macallister v. Denis O'Brien, Jr., et al.*, No. SACV 25-0965 JVS (KES) (C.D. Cal. May 28, 2025). In a detailed oder dismissing that case with prejudice, the Court explained his challenge was in improper collateral attack on a federal judgment that has been final for more than a decade. *Id*. Recently, this Court also dismissed a substantially similar action for the same reason and as duplicative of No. SACV 25-0965 JVS (KES). *See Macallister v. Davis Polk and Warden LLP, et al.*, No. SACV 25-0978 (SRM) ADS (C.D. Cal. June 11, 2025).

For the same reasons already explained to Plaintiff, this action is **DISMISSED** as duplicative, without leave to amend and with prejudice. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint repeating same allegations asserted in earlier case, even if filed against new defendants, is subject to dismissal as duplicative); *Cruz v. Savoie*, 2022 WL 3704132, at *2 (E.D. Cal. Aug. 26, 2022) (further amendment futile where defect of action is duplicity).

In light of this dismissal, the Request is **DENIED** (Dkt. 2), and all other pending matters are **TERMINATED**.

No further duplicative action involving the prior settlement and Plaintiff's investment in O'Brien's Digicel company shall be filed in this District.

*(attach additional pages if necessary)*